Argued and submitted May 4, 1992, affirmed February 17, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## WINSTON BANNISTER,
*Appellant.*

## (C 90-02-31285; CA A67680)

846 P2d 1189

Darcia Krause, Portland, argued the cause and filed the brief for appellant.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for kidnapping in the first degree with intent to terrorize. ORS 163.235(1)(d). He assigns as error the trial court's denial of his motion to exclude evidence of the victim's sexual abuse allegations that she had made against him before the kidnapping. He also assigns error to the trial court's denial of his motion to dismiss on the grounds of former jeopardy and collateral estoppel. We affirm.

In January, 1990, defendant's daughter told her stepmother that defendant had sexually molested her. An aunt sent her to stay with defendant's sister in Portland until the family could resolve the situation. About a month later, defendant drove from his home in California to Portland to get his daughter. He arrived early in the morning, woke up his daughter and ordered her to go with him. After defendant left with his daughter, her aunt called the police and told them what had happened. The police then stopped defendant and arrested him. In his truck, they found a loaded gun in a box, a shoulder holster, extra ammunition, a shovel, and a tape recorder. Recorded on the tape was defendant telling his daughter that:

> "You know what happened, hum? You know one of us must die. I told you already once if you going to do it one more time, you and me will die. I'm not going to die alone. You're not going to die alone either. I take you home dead or alive. It don't matter to me."

Defendant was taken to a state police office and was questioned by officers. At first, he told the police that his daughter had run away and that he was taking her back home. He explained that his daughter had told his sister that he was molesting her and that he wanted his daughter to return home and tell the "real story." After four hours of questioning, defendant admitted that he had molested her.

Defendant was charged with attempted murder with a firearm, ORS 161.405; ORS 163.005 (count 1), kidnapping in the first degree with a firearm with intent to cause physical injury, ORS 163.235(1)(c) (count 2), and kidnapping in the first degree with a firearm with intent to terrorize. ORS 163.235(1)(d) (count 3). In defendant's first trial, the jury was

unable to reach a verdict on counts 1 and 3, and on two lesser included offenses contained in count 3 (kidnapping in the first degree with intent to terrorize, and kidnapping in the second degree). ORS 163.225. He was acquitted on count 2, including the lesser included offense of kidnapping in the first degree with intent to cause physical injury.

Defendant was retried on the charges of attempted murder with a firearm and kidnapping in the first degree with a firearm with intent to terrorize. He was acquitted on the attempted murder charge and convicted on the kidnapping charge. At trial, he moved to exclude evidence of the victim's prior sexual abuse allegations against him. The trial court allowed evidence that the allegations had been made, but did not permit the state to offer evidence of any details of the allegations.

■        Defendant assigns error to the trial court's admission of evidence of the prior allegations. He contends that the evidence should have been excluded under OEC 403, because the danger of unfair prejudice outweighed any probative value it might have. OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

■ ■        We review the trial court's decision to admit the evidence under OEC 403 for abuse of discretion. *State v. Rose*, 311 Or 274, 291, 810 P2d 839 (1991); *State v. Moen*, 309 Or 45, 70, 786 P2d 111 (1990). In evaluating whether the trial court has abused its discretion in concluding that the probative value of the evidence is not substantially outweighed by the danger of prejudice we consider: (1) the need for the evidence; (2) the certainty that defendant committed the other uncharged misconduct; (3) the strength of the evidence; and (4) its potential inflammatory effect on the jury. *State v. Johns*, 301 Or 535, 558, 725 P2d 312 (1986); *State v. Collins*, 73 Or App 216, 220, 698 P2d 969 (1985). The state asserts that evidence of the prior sexual allegations was necessary to show the states of mind of defendant and of his victim. Defendant argues that this evidence was not necessary to prove their states of mind because other evidence was

available—namely, that the victim was unhappy with her father and that an aunt sent her to live with relatives in Portland and that her father was upset that she had left his home.

We conclude that evidence of the prior allegations was necessary to show the states of mind of defendant and of his victim. Defendant asserted at trial that he took his daughter in order to return her to California so that she could continue her schooling, because he was concerned about her education. He also testified that he threatened to kill her on the way back to California only to prevent her from leaving his car. The evidence of the prior allegations of sexual abuse was the strongest evidence available to the state to rebut defendant's explanations of his intent.

■ Defendant also claims that evidence of the sexual abuse allegations was unfairly prejudicial because it suggested that he was a "bad person" and that he had a propensity to commit the crime. Defendant is correct that evidence of prior bad acts is not admissible to prove the character of defendant and that he acted in conformity therewith. *State v. Johns, supra*; OEC 404(3). OEC 404(3) codifies the proposition that the probative value of evidence of prior bad acts is substantially outweighed by the danger of unfair prejudice when it is used solely for the purpose of suggesting that the defendant is of a criminal character and that, because the defendant committed one crime, he is more likely to have committed the crime charged. *State v. Pinnell*, 311 Or 98, 106, 806 P2d 110 (1991). OEC 404(3) provides that evidence of prior bad acts *may* be admissible for other purposes, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." OEC 404(3); *State v. Pinnell, supra*, 311 Or at 104. Here, as discussed above, the evidence of the sexual abuse allegations was relevant as evidence of intent and motive.

Although the evidence of the sexual abuse allegations had the potential to inflame the jury, the trial court limited the testimony to only the fact that the allegations had been made. All evidence of the details of the allegations was excluded, thereby minimizing its inflammatory effect on the jury. The trial court did not abuse its discretion in admitting evidence of the prior allegations.

Defendant next assigns error to the trial court's denial of his motion to dismiss the kidnapping charge in the second trial on the grounds of former jeopardy and collateral estoppel. In defendant's first trial, he was acquitted of kidnapping with a firearm with intent to cause physical injury and the lesser included offense of kidnapping with intent to cause physical injury. The jury was unable to reach a verdict on the remaining charges of attempted murder and kidnapping with a firearm with intent to terrorize. The state retried defendant on the charges on which the jury was deadlocked.

■  Defendant first argues that his reprosecution on the kidnapping with intent to terrorize charge is barred by double jeopardy. He relies on Article I, section 12, of the Oregon Constitution, which provides that "no person shall be put in jeopardy twice for the same offense" and ORS 131.515(3):

> "If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense * * *."

■  The doctrine of former jeopardy prohibits the state from prosecuting a defendant for the "same offense" more than once:

> "[A] second prosecution is for the 'same offense' if the charges arise out of the 'same act or transaction,' could have been tried in the same court, and were or could have been known to the prosecutors at the time of the first prosecution." *State v. Farley*, 301 Or 668, 672, 725 P2d 359 (1986).

Because both the kidnapping charge on which he was acquitted and the kidnapping charge that resulted in the hung jury arose out of the same transaction, the state's prosecution of defendant for kidnapping with intent to terrorize in the second trial would be barred unless an exception to the former jeopardy rule applies. The purpose of the former jeopardy rule is to protect defendants from harassment by the state and to prevent the state from seeking to hone its case against a defendant through repeated prosecutions. *State v. Helander*, 92 Or App 108, 758 P2d 359 (1988). In cases where a second prosecution is not the result of such oppressive tactics, exceptions to the doctrine have developed.

■     ORS 131.525 and ORS 131.535 codify some exceptions to former jeopardy. The exception applicable here is provided by ORS 131.525(1)(b)(D):

> "A previous prosecution is not a bar to a subsequent prosecution when the previous prosecution was properly terminated under any of the following circumstances:
>
> "* * * * *
>
> "(D)   The jury is unable to agree upon a verdict * * *."

We have not previously determined whether ORS 131.525(1)(b)(D) complies with Article I, section 12, of the Oregon Constitution, but the Supreme Court has held that this exception to former jeopardy is unconstitutional if the hung jury resulted directly from prosecutorial or judicial misconduct. *State v. Rathbun*, 287 Or 421, 600 P2d 392 (1979). The court in *Rathbun* did not directly address whether the exception is otherwise constitutional. However, it may be inferred from the court's discussion that, if the jury's inability to reach a verdict is not the result of prosecutorial or judicial misconduct, ORS 131.525(1)(b)(D) can be constitutionally applied to annul the attachment of jeopardy arising from the original trial. *Cf. State v. Rathbun, supra*, 287 Or at 432. We hold that the state's reprosecution of defendant on charges on which the jury was unable to reach a verdict was not barred by ORS 131.515(3) or Article I, section 12, of the Oregon Constitution.

Defendant also relies on the double jeopardy clause of the Fifth Amendment. The test for double jeopardy under the Fifth Amendment was recently explained in *Grady v. Corbin*, 495 US 508, 110 S Ct 2084, 109 L Ed 2d 548 (1990):

> "We hold that the double jeopardy clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted."

Defendant argues that that rule bars the state from retrying him on the charge of kidnapping with intent to terrorize, because that charge requires proof of the same conduct the state relied on in the first trial in prosecuting him for the offense of kidnapping with intent to cause physical injury.

■     In this case, however, we need not address whether those two charges involve the same conduct, because defendant's jeopardy for the charges on which the jury was unable to reach a verdict never terminated. *See United States v. Richardson*, 468 US 317, 104 S Ct 3081, 82 L Ed2d 242 (1984). The double jeopardy doctrine does not always prevent the state from reprosecuting a defendant. In *Richardson*, the defendant was prosecuted for two counts of distributing a controlled substance and one count of conspiracy to distribute a controlled substance. The jury acquitted the defendant on one of the substantive narcotics charges, but was unable to reach a verdict on the two remaining charges. The Court said:

> "The double-jeopardy provision of the Fifth Amendment * * * does not mean that every time defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases where there is no semblance of the type of oppressive practices at which the double jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of a jury to agree on a verdict.
>
> "* * * * *
>
> "[W]e hold that the failure of the jury to reach a verdict is not an event which terminates jeopardy." 468 US at 319.

The Double Jeopardy Clause of the Fifth Amendment does not bar the reprosecution of defendant on the charges on which the jury was unable to reach a verdict. The trial court did not err in denying defendant's motion to dismiss based on double jeopardy.

■■     Defendant also argues that the doctrine of collateral estoppel bars the state from prosecuting him for kidnapping with intent to terrorize. Defendant is correct that collateral estoppel is an inherent part of double jeopardy protection. *State v. Mozorosky*, 277 Or 493, 499, 561 P2d 588 (1977). In deciding if collateral estoppel applies, the question is whether a rational trier of fact could have grounded its verdict of acquittal upon an issue other than that which defendant seeks to estop the state from litigating. *State v. Mozorosky, supra*, 277 Or at 499. Here, as the trial court concluded, the jury in the first trial could have found that defendant did not

intend to cause physical injury to his daughter when he kidnapped her. In view of that finding, a rational juror could still determine that defendant intended to terrorize his daughter when he kidnapped her. The charge of kidnapping with intent to terrorize requires proof of an intent to instill terror and covers "vengeful or sadistic abductions accompanied by taunting threats of torture, death or other severely frightening experience." *State v. Bodenschatz*, 62 Or App 606, 611, 662 P2d 1, *rev den* 295 Or 446 (1983) (*quoting State v. Nulph*, 31 Or App 1155, 1165, 572 P2d 642 (1977), *rev den* 282 Or 189 (1978)). We conclude that the trial court did not err in holding that collateral estoppel did not bar the state from litigating the issue of defendant's intent to terrorize[1] and in denying defendant's motion to dismiss.

Affirmed.

---

[1] We note that the trial court did not allow the state to introduce evidence that was only relevant to prove physical injury as defined in the statute or to prove that defendant intended to cause physical injury to his daughter.