Argued and submitted September 30, 1992, reversed and remanded February 24, reconsideration denied April 7, petition for review denied April 20, 1993 (316 Or 142)

# STATE OF OREGON,
*Appellant,*

*v.*

# WILLIAM EDWARD PERKS, JR.,
*Respondent.*

## (C90-11-36716; CA A71483)

847 P2d 866

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Riggs, J., dissenting.

## EDMONDS, J.

The state appeals a pretrial order that granted defendant's motion to dismiss the pending prosecution for assault in the fourth degree on former jeopardy grounds. ORS 131.515. We reverse.

Defendant was charged by indictment with assault in the second degree.[1] At trial, the jury was properly instructed on the lesser included offense of assault in the fourth degree, a misdemeanor.[2] The jury acquitted defendant on the indicted charge but did not reach a verdict on the lesser included offense. The state now seeks to retry defendant on that charge.

Defendant argues that the state cannot retry him because, having been acquitted of the crime charged, the indictment is a nullity. Moreover, he argues that the indictment cannot be amended to charge him with the lesser offense, because of the rule against substantive amendments by trial courts. Consequently, he concludes that the state does not have a charging instrument on which to proceed and therefore cannot retry him.

■■■ Defendant's arguments ignore the principle of criminal law that a jury may find a defendant not guilty of the

---

[1] ORS 163.175 provides:

"(1) A person commits the crime of assault in the second degree if the person:

"(a) Intentionally or knowingly causes serious physical injury to another; or

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life.

"(2) Assault in the second degree is a Class B felony."

[2] ORS 163.160 provides:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another; or

"(b) With criminal negligence causes physical injury to another by means of a deadly weapon.

"(2) Assault in the fourth degree is a Class A misdemeanor."

crime charged in the indictment, yet guilty of a lesser included offense. The lesser included offenses can be submitted to the jury by instructions and a verdict form even though they are not alleged in the charging instrument. *See* ORS 136.460;[3] ORS 136.465;[4] *State v. Ogden*, 35 Or App 91, 580 P2d 1049 (1978). Furthermore, the Supreme Court held in *State v. Gibbons*, 228 Or 238, 241, 364 P2d 611 (1961):

"It is 'unnecessary verbiage' to include in indictments the lesser included offenses derived from the offense charged. It is a well established rule that an indictment of one offense includes, by necessary implication, charges of lesser included offenses."

*See also State v. Woodson*, 315 Or 314, 319, 845 P2d 203 (1993).

■ In this case, no amendment of the indictment is necessary to retry defendant on the charge of fourth degree assault, because the accusatory instrument implicitly charged him with that crime. When the lesser included offense was submitted to the jury and it did not return a verdict on the charge, the charge remained pending.

■ Alternatively, defendant argues that, even if the state were allowed to obtain a new indictment charging the lesser offense, it would be barred from bringing a later prosecution. He relies on ORS 131.515:

"Except as provided in ORS 131.525 and 131.535:

"* * * * *

"(3) If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a *later prosecution* for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein." (Emphasis supplied.)

---

[3] ORS 136.460 provides:

"Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof."

[4] ORS 136.465 provides:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."

ORS 131.515 expressly excepts the provisions of ORS 131.525. *See State v. Rathbun*, 287 Or 421, 428, 600 P2d 392 (1979). ORS 131.525 provides, in part:

"(1)   A previous prosecution is not a bar to a subsequent prosecution when the previous prosecution was properly terminated under any of the following circumstances:

"(b)   * * *

"(D)   The jury is unable to agree upon a verdict; * * *[.]'"

If any provision of ORS 131.525 applies, then the prohibition against retrial in ORS 131.515(3) is inapplicable. *See State v. Bannister*, 118 Or App 252, 258, 846 P2d 1189 (1993). Here, the jury was unable to return a verdict on the lesser charge of assault in the fourth degree, and the state may retry defendant on that charge under ORS 131.525(1)(b)(D) based on the allegations of the indictment.

■    The dissent says that our holding is wrong because the indictment was not amended to allege the charge of fourth degree assault. That argument ignores the effect of ORS 136.465. As we and the Supreme Court have said, lesser included offenses are charged in an indictment by implication. When the state makes a request for a lesser included instruction, the legal effect is a simultaneous prosecution of the primary and the lesser included offenses as if all had been charged in the indictment.

Reversed and remanded.

**RIGGS, J.,** dissenting.

I disagree with the majority for two reasons. First, it begins from a fundamentally flawed premise: that this prosecution is for assault in the fourth degree. 118 Or App at 338. That is mistaken. The only charging instrument before the court, and the one that it ordered dismissed, was an indictment for assault in the second degree. There is no dispute that defendant has been acquitted of that charge. Accordingly, he cannot now be prosecuted for that crime, and the trial court was right to dismiss the indictment on the basis of former jeopardy. ORS 131.515(3).

I realize that both the state and defendant argued to the trial court and continue to argue on appeal about whether the trial court *could* have allowed an amendment of the

indictment to delete the allegations relating to the greater second degree assault charge, leaving a charge of fourth degree assault. The problem with those arguments is that the trial court was not asked to amend the indictment and therefore neither allowed nor denied it. Thus, whether an amendment would have been proper, had it been requested, is not before us. Neither is the issue of whether defendant may be prosecuted for fourth degree assault. We should save that question for a time when it is properly presented.

Second, the majority incorrectly concludes that it is not necessary to amend the indictment to charge fourth degree assault, because the greater charge implicitly charged the lesser included offense, and "the charge remained pending." 118 Or App at 339. As ORS 131.525(1)(b) confirms, a prosecution that results in a hung jury is "terminated," albeit properly; it does *not* remain pending.

Having incorrectly concluded that the indictment need not be amended, the majority then discusses the former jeopardy statutes, ORS 131.515(3) and ORS 131.525(1)(b). That discussion is unnecessary under the majority's conclusion that the lesser assault charge "remains pending," because an attempt to try defendant again for fourth degree assault would not be a "subsequent prosecution."

The charging instrument that the court ordered dismissed includes only one charge and defendant has been acquitted of it. The trial court correctly dismissed the indictment.

I dissent.