Argued and submitted August 24, 1999, vacated and remanded with instructions
May 17, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## IZELL LAMONT HARRIS,
*Appellant.*

(94-11-37778; CA A90056)

5 P3d 1113

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Robert B. Rocklin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant, who was jointly indicted with ten other individuals for violation of the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO), appeals his conviction of racketeering. Before trial, defendant demurred to the indictment on numerous grounds. Both the state and defendant agree that the only issue on appeal is whether a remand is necessary under *State v. Lyons,* 161 Or App 355, 985 P2d 204 (1999), to determine if use of five of the predicate acts alleged in the indictment are barred by the statutory double jeopardy prohibition, *id.* at 364-65 (former jeopardy statute can bar ORICO prosecution for conduct that is identical to conduct charged and resolved by earlier prosecutions), and thereby determine whether the indictment alleged sufficient predicate acts to support the ORICO conviction. *See* ORS 166.715(4) (" 'Pattern of racketeering activity' means engaging in at least two incidents of racketeering activity * * *."). We conclude that remand is necessary.

■ Defendant was originally indicted in count 1 for an ORICO violation, in count 9 for felon in possession of a firearm, and in count 10 for unlawful use of a weapon. For the ORICO charge, the indictment named eight predicate offenses, including felon in possession of a firearm and unlawful use of a weapon. The state does not dispute that one of the eight alleged offenses is based on juvenile conduct and, therefore, may not serve as a predicate act for an ORICO charge. *See State v. Harris,* 157 Or App 119, 967 P2d 909 (1998) (juvenile adjudications may not be used as predicate acts). The state also does not dispute that five of the alleged offenses were the subject of previous adult prosecutions in Multnomah County and, therefore, are controlled by our holding in *Lyons.*

In *Lyons,* we explained that ORS 131.515(2),[1] the statutory double jeopardy provision, "provides *greater* protection for criminal defendants [than the constitutional double

---

[1] ORS 131.515(2) provides:

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

jeopardy prohibition] because it bars consecutive prosecutions not only for the same offense but also for all known charges arising out of the same criminal episode." 161 Or App at 360 (emphasis in original). For ORS 131.515(2) to apply, the defendant must prove that "(1) the separate prosecutions are for two or more offenses that are part of the criminal episode; (2) the offenses were known to the appropriate prosecutor at the commencement of the first prosecution; and (3) venue was proper in a single court." *Id.* (footnote omitted). As in *Lyons*, defendant has established the first and third elements. Also as in *Lyons*, because the trial court concluded that the statutory double jeopardy bar did not apply, it failed to take evidence concerning whether the appropriate prosecutor(s) knew of the existence of a pattern of racketeering at an earlier prosecution(s) and is therefore barred here from prosecuting that racketeering activity arising out of the same conduct in the earlier prosecution(s). *Id.* at 365. We held in *Lyons* that such a failure merited remand to the trial court to take evidence on the prosecutor's reasonable knowledge, because the outcome of that hearing could result in leaving no predicate acts on which to base the defendant's ORICO conviction. *Id.*

■ Defendant argues that *Lyons* requires a remand here to determine whether the appropriate prosecutor or prosecutors had the requisite knowledge, and, thus, whether those acts may serve as predicate offenses. The state urges affirmance notwithstanding defendant's double jeopardy argument, because the ORICO conviction is supported by the remaining two predicate offenses unaffected by defendant's challenges, felon in possession of a firearm and unlawful use of a weapon. *State v. Hardges*, 159 Or App 561, 564, 980 P2d 1137 (1998), *rev den* 329 Or 126 (1999) (reversal not required notwithstanding trial court's error in refusing to strike predicate juvenile offenses where jury found that state had proved two other predicate acts that did not involve juvenile adjudications). Defendant is correct. Our review of the record reveals that the state proved only one unchallenged predicate offense. In its April 4, 1995, order, the trial court struck count 10, unlawful use of a firearm, and its corresponding predicate offense in the ORICO count from the indictment.

Accordingly, defendant did not stipulate to the factual elements of that predicate offense but stipulated only to the predicate offense of felon in possession of a firearm.[2]

Because the indictment is not supported by two predicate acts unaffected by defendant's double jeopardy argument, remand is necessary. We vacate the ORICO conviction and remand to the trial court for an evidentiary hearing under our holding in *Lyons*.

Conviction for ORICO vacated and remanded with instructions for court to determine whether appropriate prosecutor had requisite knowledge. If court finds that appropriate prosecutor did not have requisite knowledge, then it shall reinstate ORICO conviction; otherwise, it shall dismiss the charge.

---

[2] The record also indicates that count 9, felon in possession of a firearm, was dismissed with prejudice on the state's motion, pursuant to defendant's waiver of jury trial for stipulated facts trial. However, there is no record that the corresponding predicate offense in the ORICO count was struck from the indictment.