Argued and submitted September 8, reversed and remanded for trial December 27, 2000

## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAEL EDWARD GARNIER,
*Respondent.*

(98-CR-1014; CA A106302)

16 P3d 1175

Laura S. Anderson, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondent Michael Edward Garnier.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

The state appeals from an order dismissing charges against defendant of fourth-degree assault, ORS 163.160, and recklessly endangering another person, ORS 163.195. Defendant moved to dismiss the indictment on the ground that statutory former jeopardy provisions barred the prosecution, because he previously had been cited for maintaining a dog as a nuisance in violation of ORS 609.095, based on the same events. The trial court granted defendant's motion. On appeal, we reverse.

On December 19, 1997, defendant was issued a citation for maintaining a dog as a nuisance. The citation specified that defendant committed that offense by keeping or owning a dog and allowing it to bite a person. Defendant appeared in District Court on the charge, pled no contest, and paid an $8 fine, as well as other assessments for a total of $55. In December 1998, defendant was indicted for the misdemeanor offenses of fourth-degree assault and reckless endangerment of another person. The indictment specified that the offenses, which occurred on or about December 19, 1997, involved causing physical injury to a certain person by means of a dog bite and creating a substantial risk of serious physical injury to a certain person by failing to control a dog.

Defendant moved to dismiss the indictment, arguing that he previously had been prosecuted for the violation of maintaining a dog as a nuisance based on the same criminal episode, and that further prosecution was barred by ORS 131.515. The state acknowledged that the citation for the violation and the indictment for the crimes arose from the same events but argued that ORS 153.810(1) (1997)[1] provides a specific exception to the former jeopardy bar found in ORS 131.515 and allows the state to proceed separately on the

---

[1] ORS 153.810(1) (1997) provided:

"Notwithstanding ORS 131.505 to 131.535, if a person is charged with both a crime and a violation as part of the same criminal episode, the prosecution for one offense does not bar the subsequent prosecution for the other. However, evidence of the first conviction is not admissible in any subsequent prosecution for the other offense."

Substantially similar provisions are now found in ORS 153.108.

crimes. The trial court held that ORS 153.810(1) (1997) applied only if the violation and crime are charged in the same charging instrument and that ORS 131.515 therefore barred the prosecution.[2]

On appeal, the state contends that the trial court erred in its conclusion about ORS 153.810(1) (1997) and ORS 131.515. ORS 131.515 provides, in part:

"(1)  No person shall be prosecuted twice for the same offense.

"(2)  No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of the commencement of the first prosecution and establish proper venue in a single court."

Although ORS 131.515(1) provides essentially the same former jeopardy protections as the state constitution, ORS 131.515(2) provides "a non-constitutional basis for determining when a prosecution for one charge will bar a subsequent prosecution for another charge." *State v. Stolz,* 106 Or App 144, 146-47, 806 P2d 715 (1991). ORS 131.515(2) thus provides greater protection for criminal defendants than the constitutional former jeopardy prohibition because it bars consecutive prosecutions not only for the same offense but also for all known charges arising out of the same criminal episode. *State v. Harris*, 167 Or App 360, 362-63, 5 P3d 1113 (2000).

The question before us is whether the trial court correctly ruled that the statutory provisions of ORS 131.515(2) barred defendant's prosecution, despite ORS 153.810(1) (1997). We conclude that the trial court did err. The court reasoned that ORS 153.810(1) (1997) provided an exception only where the violation and crime are charged in the same charging instrument. However, that statute specifically provided that, under circumstances such as these, "the prosecution for one offense does not bar the *subsequent* prosecution for the other." ORS 153.810(1) (1997). Subsequent means "following in time" or "coming or being later than something else."

---

[2] Defendant made no constitutional arguments to the trial court and has made no appearance on appeal.

*Webster's Third New Int'l Dictionary*, 2278 (unabridged ed 1993). A subsequent prosecution therefore necessarily follows an earlier prosecution. Given the legislature's use of the word "subsequent" in the statute, we conclude that the trial court erred in ruling that crimes and violations must be charged in the same charging instrument for purposes of ORS 153.810(1) (1997). ORS 153.810(1) (1997) provided an exception to the former jeopardy bar of ORS 131.515(2) under these circumstances. *Cf. State v. Darlin*, 122 Or App 172, 857 P2d 859 (1993) (reaching similar result in interpreting virtually identical statute concerning crimes and traffic infractions).

Reversed and remanded for trial.