Argued and submitted May 31, 2000, reversed and remanded January 17, petition for review denied May 29, 2001 (332 Or 240)

## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAELA ANNMARIE JOHNSON,
*Respondent.*

## (98-1275; CA A104954)

17 P3d 1087

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Susan Fair Drake, Deputy Public Defender, argued the cause for respondent. With her on the brief was David E. Groom, Public Defender.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

## LINDER, J.

In this criminal case, the state appeals a pretrial order dismissing one count of an indictment that charged defendant with two counts of felony assault in the third degree. We review for legal error and reverse.

Defendant was involved in a traffic accident in which, while allegedly driving under the influence of alcohol, she ran a stop sign, collided with the victim's car, and caused physical injury. Ten months after the accident, a grand jury indicted defendant for one count of felony assault in the third degree and several misdemeanors. On defendant's motion, the trial court dismissed the indictment without prejudice pursuant to ORS 135.747.[1] A few months later, a grand jury returned a second indictment charging defendant with two counts of felony assault arising out of the same incident. By that time, the statute of limitations had expired as to the misdemeanor offenses. ORS 131.125(6).

Before trial, defendant moved to dismiss the additional assault charge. Citing *State v. Martin*, 288 Or 643, 607 P2d 171 (1980), defendant argued that, by bringing that charge, the state effectively was penalizing her for pursuing a dismissal under ORS 135.747 in the prior proceeding. The trial court agreed and dismissed the additional assault charge. On appeal, the state challenges that ruling, arguing that *Martin* is inapplicable on these facts because, regardless of any motion filed by defendant, the prosecutor retained authority to submit the case to a grand jury for consideration of an additional charge.[2] We agree.

---

[1] Specifically, defendant moved to dismiss all of the charges against her, arguing that there was "unreasonable and excessive delay" in prosecuting the case. Although defendant relied on both statutory and constitutional speedy trial grounds in support of her motion, the trial court relied only on ORS 135.747, which provides that:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

[2] The state also disputes whether dismissal on statutory speedy trial grounds properly should be characterized as a "right" similar to the type of right that *Martin* protects. Given our conclusion that *Martin*'s holding does not apply in this case, we do not reach that aspect of the state's argument.

In *Martin,* following the defendant's conviction of conspiracy to commit first-degree robbery, the trial court granted the defendant's motion for a new trial based on newly discovered evidence. Before the retrial, a grand jury reindicted the defendant for the original offense and also indicted the defendant for two additional offenses based on the same event. The defendant moved to dismiss the additional charges on former jeopardy grounds, and the trial court granted the motion. The Supreme Court affirmed the dismissal. The court did so, however, on "procedural fairness" rather than former jeopardy grounds:

> "If on retrial the state is permitted to increase the charge or add additional charges based on the same criminal episode, the effect would be to penalize the defendant for exercising his right to move for a new trial. Procedural policies are the essence of the administration of criminal justice, and procedural fairness forbids penalizing the defendant for exercising his rights."

*Martin,* 288 Or at 647.

In reaching that holding, the court in *Martin* drew from its earlier decision in *State v. Turner,* 247 Or 301, 429 P2d 565 (1967). In *Turner*, the defendant originally was convicted of assault with intent to rob, and he was sentenced to five years in prison. He appealed and his conviction was reversed for constitutional error committed at his trial. Upon retrial and reconviction, he was sentenced to seven years' imprisonment. Although the court invalidated the sentence, it explicitly declined to base its decision on due process or former jeopardy principles. Instead, borrowing from another state court decision, the court in *Turner* premised its decision on policy grounds:

> "[W]hen the state grants a criminal appeal as a matter of right to one convicted of a crime, * * * our procedural policy should be not to limit that right by requiring the defendant to risk a more severe sentence in order to exercise that right of appeal. ORS 138.020."

247 Or at 315 (citing *State v. Wolf,* 46 NJ 301, 308-09, 216 A2d 586 (1966)). The court in *Turner* held:

"After an appeal or post-conviction proceeding has resulted in the ordering of a retrial for errors other than an erroneous sentence, * * * and the defendant has again been convicted, no harsher sentence can be given than that initially imposed."

*Id.* at 313.

We consider it significant that both *Martin* and *Turner* involved retrials following proceedings initiated by the defendants to relieve them of their convictions. *See Martin*, 288 Or at 645 (motion for new trial); *Turner*, 247 Or at 302 (appeal). Such a procedural posture differs significantly from the procedural posture of this case. In both *Martin* and *Turner*, the defendants had proceeded through complete trials that ended in convictions. Having obtained convictions of the defendants, the state had lost its power to seek indictments on further charges. Likewise, once judgments had been entered and executed, the trial courts had lost authority to impose harsher sentences. Consequently, the possibility of reindictment or resentencing arose *only* because of the defendants' successful exercise of their rights to a post-judgment remedy. Indeed, that is why the court characterized the defendants as placing themselves at "risk" of a more severe sentence; without their actions in pursuing relief from their convictions, that risk did not exist. Thus, the defendants' decisions regarding whether to exercise their procedural rights confronted them with a Hobson's choice: If they sought relief from their convictions, they waived former jeopardy protection and risked additional charges or a harsher sentence; if they declined to seek such relief, they risked having been convicted in error. To ensure that the defendants' rights were not restricted or "chilled" by that result, the court imposed limitations on the state's authority to increase the charges and on the trial court's authority to impose a harsher sentence. *Martin,* 288 Or at 647; *Turner,* 247 Or at 313.

We decline to extend *Martin*—and likewise *Turner*—to these facts, because the circumstances here do not penalize a defendant in the same way. *See State v. Holmes,* 287 Or 613, 618, 601 P2d 1213 (1979) (declining to extend *Turner* to probation revocation proceedings where no

similar chilling effect is present). Defendant's motion to dismiss the prior charges had no bearing on the state's power to reindict her. When defendant filed that motion, the state retained its authority, independent of any procedural step defendant might choose to take, to seek a further indictment. *See* ORS 132.330 (allowing the district attorney to submit an indictment in any case when there is good reason to believe that a crime has been committed). Thus, unlike *Martin* and *Turner*, this case lacks a direct nexus between defendant's choice to pursue procedural remedies and the state's authority to reindict. The requisite chilling effect on defendant's choice consequently also is lacking.

A second factor persuades us that *Martin* should not be extended to these circumstances. Here, the trial court dismissed the original indictment against defendant pursuant to ORS 135.747, the speedy trial statute. Such a dismissal is without prejudice, meaning that state may prosecute defendant again. *See* ORS 135.753(2) (pretrial dismissal of a charge pursuant to ORS 135.747 does not bar another prosecution for the same crime if the crime charged is a Class A misdemeanor or a felony). As the Supreme Court has explained, the statutory speedy trial scheme

"provides a method for dismissing cases that are languishing in the criminal justice system *without affecting the state's ability to reprosecute serious charges.*"

*State v. Emery,* 318 Or 460, 466-67, 869 P2d 859 (1994) (emphasis added). Thus, the policy reflected in the very procedure that defendant invoked is that the state may reindict defendant "without prejudice." To adopt defendant's argument would at least partly prejudice the state's prosecutorial authority, by limiting it in a way that it would not ordinarily be limited. In effect, defendant asks us to protect her interest in invoking the statute's procedural remedy of a dismissal by compromising the statute's policy that such a dismissal be without prejudice. We decline to endorse that anomalous result.[3]

---

[3] Our unwillingness to extend *Martin* to this set of facts does not mean that a defendant is without remedy if a prosecutor abuses the state's reindictment authority, for example, by exercising it vindictively. *See State v. Nelson,* 166 Or App 189, 193-203, 999 P2d 1161 (2000) (describing elements of a vindictive prosecution claim and requiring a defendant to offer objective proof of actual vindictiveness). This case, however, involves no such claim.

In summary, the circumstances in which defendant was reindicted do not bring this case within the principle announced in *Martin* and *Turner,* and we are unwilling to extend those holdings to reach them. Accordingly, the trial court erred in granting defendant's motion to dismiss.

Reversed and remanded.