Argued and submitted in Eugene November 8, 1979,
reversed and remanded March 4, 1980

STATE OF OREGON,
*Respondent,*
*v.*
CLARENCE DUKE MARTIN,
*Petitioner.*
(CA 11239, SC 26302)
607 P2d 171

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Denecke, Chief Justice, and Holman,** Tongue, Howell, Lent and Peterson, Justices.

HOWELL, J.

**Retired January 21, 1980.

## HOWELL, J.

Defendant was indicted for and convicted of conspiracy to commit robbery in the first degree. His motion for a new trial based on newly discovered evidence was granted. The grand jury then reindicted defendant and charged him with three counts, all part of the same act and transaction: Count I, conspiracy to commit robbery in the first degree; Count II, robbery in the first degree; and Count III, theft in the first degree. Defendant moved to dismiss Counts II and III on the ground that they are barred by former jeopardy. The circuit court granted defendant's motion. The Court of Appeals, however, reversed and held that a former prosecution does not constitute former jeopardy when the conviction is set aside upon defendant's motion. 40 Or App 217, 221 (1979). We granted defendant's petition for review.

The issue before this court is whether, after defendant's conviction has been set aside on his motion for a new trial, the state may prosecute defendant for additional charges arising from the same criminal episode.

Although this case presents questions of former jeopardy, involving both state constitutional issues (Art I, § 12) and statutory issues (ORS 131.505-131.535), we find that the resolution of this case is determined by the principle of law we announced in *State v. Turner*, 247 Or 301, 429 P2d 565 (1967).

The defendant in *Turner* was convicted of assault with intent to rob and was originally sentenced to five years' imprisonment. He appealed and his conviction was reversed for constitutional error committed at his trial. *State v. Turner*, 241 Or 105, 404 P2d 187 (1965). Upon retrial and reconviction on the same indictment, he was sentenced to seven years' imprisonment with credit for the two years which he had already served.

This court reversed with instructions to resentence Turner to five years' imprisonment, his original sentence, with credit for time already served. We held

that, after an appeal or post-conviction proceeding has resulted in ordering a retrial for errors other than an erroneous sentence, the defendant upon reconviction cannot be given a harsher sentence than that originally imposed. 247 Or at 313. We explained our decision in the following words:

> "We do not find it necessary to decide the constitutional issues as we conclude that when the state grants a criminal appeal as a matter of right to one convicted of a crime, as it has, our procedural policy should be not to limit that right by requiring the defendant to risk a more severe sentence in order to exercise that right of appeal. * * *" 247 Or at 315.

We adopted this principle of procedural fairness from an approach advanced by the New Jersey court in *State v. Wolf*, 46 NJ 301, 216 A2d 586 (1966), and we quoted the following from that opinion:

> "In the appeal before us we do not find it necessary to decide whether the double jeopardy clauses of either the Federal or the State Constitutions are applicable. Nor need we concern ourselves with the question whether the reach of the due process clause of the Fourteenth Amendment of the Federal Constitution provides a bar against imposition of the death penalty on Wolf's retrial. Our decision finds its base in procedural policies which are of the essence of the administration of criminal justice." 46 NJ at 308.

We subsequently followed this important principle in the opinion of Chief Justice O'Connell in *State ex rel Dillavou v. Foster*, 273 Or 319, 541 P2d 811 (1975). In that case a criminal defendant petitioned for a writ of mandamus for his release from jail. The petitioner had been convicted of criminal activity in drugs and sentenced to five years' probation. One of the conditions of probation was that petitioner remain incarcerated for 180 days in the county jail. The order also provided that petitioner would remain in custody in the event of an appeal. Petitioner filed his appeal, and the court ordered him to be incarcerated pending the outcome of

the appeal. After serving over 180 days in jail, petitioner challenged his continued confinement during appeal.

We held that petitioner's probation and 180-day sentence was not stayed by his appeal. Because he had completed the jail sentence required by his probation, we held that petitioner should have been released. Regarding the court order requiring petitioner to serve time without credit during his appeal, we said that it had the effect of forcing petitioner to choose between extra time in jail while appealing his conviction and release after six months if he does not appeal. Citing *Turner*, we concluded that

"[t]his would have the effect of penalizing petitioner for taking an appeal. Our cases * * * hold that the state cannot impose such a penalty." 273 Or at 324 and n. 8.

Similarly, the state should not be able to restrict a criminal defendant's right to move for and receive a new trial by posing the risk of increasing the charges against him if the defendant is successful in his motion for a new trial.

At the time of his first trial, the defendant was charged with conspiracy to commit robbery in the first degree. The state at that time could have charged defendant with robbery or theft based on the same criminal episode. If on retrial the state is permitted to increase the charge or add additional charges based on the same criminal episode, the effect would be to penalize the defendant for exercising his right to move for a new trial. Procedural policies are the essence of the administration of criminal justice, and procedural fairness forbids penalizing the defendant for exercising his rights.

Accordingly, we hold that after the defendant successfully moved for a new trial on the grounds of newly discovered evidence, the state may not prosecute the defendant for additional charges arising from the same criminal episode.

Reversed and remanded to the circuit court.