Argued and submitted September 6, affirmed October 18, 1983

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## CHARLES FREDERICK McCLURE,
*Petitioner on Review.*

(TC 82-0019-C-2 and 82-0020-C-2
CA A25288 and A25314, SC 29620)

670 P2d 1009

Raymond R. Smith, Medford, argued the cause and filed the petition for review for petitioner. Gary H. Petersen, Ashland, filed the brief for petitioner.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

CAMPBELL, J.

## CAMPBELL, J.

The sole issue in this case is whether time spent in a county jail between a person's arrest and trial must be credited against county jail confinement time ordered as a condition of probation. We hold that our statutes do not require this.

Defendant McClure was arrested on December 25, 1981 for resisting arrest and assaulting a police officer. He was confined 49 days in the county jail before he was released on his own recognizance February 11, 1982. Following his trial, the jury found him guilty of both charges.

The trial judge pronounced sentence as follows:

"* * * I am going to suspend imposition of sentence and place you on two years supervised probation under Project Misdemeanant with the conditions that the first 90 days be spent in Jackson County Jail, that you participate in any mental health programs, alcohol or otherwise recommended by your probation officer, that you make restitution for any medical bills incurred, and restitution for court-appointed attorney's fees. If you have a job, and your attorney can make the arrangements, I will authorize work release during that period of time."

The trial court did not give defendant credit for the 49 days he was confined in the county jail before the trial.[1] The defendant failed to claim during the hearing that he was entitled to this credit.[2] The Court of Appeals affirmed without opinion. *State v. McClure,* 62 Or App 663, 662 P2d 813 (1983).

Defendant now contends that the trial court lacked authority to deny him credit for the time he had already served. Defendant cites ORS 137.320(4), which requires that imprisonment after arrest be credited towards the term of a sentence in a county jail:

---

[1] We note that if a defendant serving a sentence in a county jail fails to receive credit for pretrial incarceration as mandated by the statute, his proper remedy would be an action against the sheriff, rather than a direct appeal from his sentence, because it is the sheriff who has the obligation to compute the proper amount of credit and to release him accordingly. ORS 137.320.

[2] Defendant argues that he did not waive his objection by failing to bring the purported error to the attention of the court because the court lacked authority to deny this credit, relying on *State v. Miller,* 44 Or App 625, 606 P2d 689 (1980), and *State v. Braughton,* 28 Or App 891, 561 P2d 1040 (1977). The state evidently concedes this point, for it does not argue that defendant failed to preserve his claim of error.

"When the judgment is imprisonment in the county jail or a fine and that the defendant be imprisoned until it is paid, the judgment shall be executed by the sheriff of the county. The sheriff shall compute the time the defendant was imprisoned after arrest and prior to the commencement of the term specified in the judgment. Such time shall be credited towards the term of the sentence."

Defendant also relies on ORS 137.390:

"The commencement, term and termination of a sentence of imprisonment in the county jail is to be ascertained by the rule prescribed in ORS 137.370 * * *."

The pertinent part of ORS 137.370 reads:

"(2)    * * *when a person is sentenced to imprisonment in the custody of the Corrections Division, for the purpose of computing the amount of sentence served the term of confinement includes only:

"(a)   The time that the person is confined by any authority after the arrest for the crime for which sentence is imposed; * * *."

If defendant had actually received a sentence of imprisonment, either in a county jail or in the custody of the Corrections Division, the statutes make it clear that his post-arrest imprisonment time, or "back time," must be credited to his sentence. In the present case, however, the judge suspended the imposition of defendant's sentence and placed him on probation for two years. As part of his probation, the orders require defendant to spend 90 days in the county jail, as authorized by ORS 137.540(2)(a):

"(2)   In addition to the general conditions, the court may impose special conditions of probation for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"(a)   Be confined to the county jail for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is lesser."

This statute does not require that "back time" be credited.

Defendant's basic position is that the statutes quoted above require that he be given credit for the time he was already confined. He also makes constitutional arguments

(although without citing any constitutional provisions) that to fail to give this credit would be a violation of equal protection and could result in a person being confined beyond the statutory maximum,[3] evidently in violation of the guarantee against disproportionate sentences.

■    The state answers by arguing that probation is not the imposition of a sentence, relying on *State ex rel Dillavou v. Foster,* 273 Or 319, 322, 541 P2d 811 (1975). To further support its position, it contends that the statutory scheme contained in Chapter 137 of the Oregon Laws clearly separates the "imposition of a sentence" from a grant of probation. We agree. Probation is an alternative to the imposition of a sentence. ORS 137.010. This defendant has not received a sentence of imprisonment, and the statutes mandating credit for pretrial confinement do not apply. The statutes requiring mandatory credit for time served have been amended several times. If the legislature had intended to require credit for this time to be applied toward confinement that is ordered as a condition of probation, it could have done so.[4]

■    The state also contends that because there is no statutory authority, a judge has no discretionary power to give this sort of credit. Legislative history shows that before the enactment of the amendments cited above which make the granting of credit for pretrial confinement mandatory, sentencing judges in Oregon exercised their discretion on this question. We are not now required to decide whether Oregon judges actually have this inherent power, because the only possible challenge that defendant could make following a discretionary refusal to give credit would be a contention of abuse of discretion. Defendant in the present case has alleged no facts or circumstances that would support a finding of

---

[3] This could happen if the time spent in confinement after arrest and before trial exceeded half of the statutory maximum to which the defendant could be sentenced, and then the judge ordered defendant to serve one half of the statutory maximum in confinement as part of a probation order. The statutory maximum period of confinement for a Class C misdemeanor is 30 days. ORS 161.615(3). If a defendant was confined for 16 days before trial, and then as a condititon of his probation ordered to serve one half the maximum, or 15 days, his total confinement time would exceed the statutory maximum.

[4] The California Legislature did just that following a Court of Appeals decision holding that under the California statutory scheme, pretrial detention is not to be credited to confinement ordered as a condition of probation. *People v. Hunter,* 68 Cal App 3d 389, 137 Cal Rptr 299 (1977).

abuse of discretion in the present case, and we could not so find.

The time defendant spent incarcerated pretrial is not included in his presentence report, but we note that the sentencing judge earlier ordered defendant released on his own recognizance, so the judge knew that defendant had been confined pretrial. It is likely that the judge considered this fact in setting the conditions of defendant's probation.

We find no merit in defendant's argument that the failure to grant credit for his pretrial incarceration was a violation of equal protection.

The state concedes that if the combination of the pretrial confinement time and the confinement time served as a condition of probation exceeded the statutory maximum, a constitutional problem might arise. It argues that this case does not present such a problem. We agree and therefore decline to address it until we are actually presented with such a case.

The judgment of the Court of Appeals is affirmed.