Submitted on record and briefs March 15, affirmed September 6, 1995

# ANTHONY GEORGE DeJAC,
*Appellant,*

*v.*

# G. H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

(CV93-279; CA A83127)

902 P2d 125

Christopher J. Shine and Multnomah Defenders, Inc., filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner appeals from a judgment denying post-conviction relief and dismissing his petition. In 1992, petitioner pled guilty to burglary in the first degree. Included in petitioner's prior convictions listed in the presentence investigation report (PSI) was a 1974 Kansas conviction for robbery. The conviction was reported as a prior "person felony" resulting in a criminal history score of "C." In his post-conviction petition, petitioner alleged that the Kansas conviction was a misdemeanor, not a felony, and that his counsel's failure to investigate and correct the error was inadequate assistance of counsel. The only assignment that requires discussion is petitioner's contention that the trial court erred in finding that the failure to investigate was not inadequate assistance of counsel.

In making a claim of inadequate assistance of counsel, the burden is on petitioner to show by a preponderance of the evidence that counsel failed to exercise reasonable professional skill and judgment, that the failure denied petitioner effective representation, and that the alleged deficiencies prejudiced the defense. *Yaeger v. Maass*, 93 Or App 561, 564, 763 P2d 184, *rev den* 307 Or 340 (1989). Petitioner argues that his trial counsel had a duty independently to investigate the Kansas conviction and that failure to do so prejudiced him, because the person felony increased the length of his incarceration by seven months.

In discussing the duty of counsel in representing a defendant at trial, the Supreme Court noted that, in general,

"counsel must investigate the facts and prepare himself on the law to the extent appropriate to the nature and complexity of the case so that he is equipped to advise his client, exercise professional judgment and represent the defendant in an informed manner." *Krummacher v. Gierloff*, 290 Or 867, 875, 627 P2d 458 (1981).

The issue presented by petitioner's argument is what counsel must do to adequately represent a defendant subject to the sentencing guidelines system. Under that system, which severely restricts a trial court's discretion in sentencing, the grid block is central in determining sentences. The grid block is determined according to the seriousness of the crime of

conviction and the defendant's criminal history. OAR 253-03-001(10). Given the importance of a defendant's criminal history in the sentencing guidelines system, we conclude that, just as in preparing for trial, counsel must inform himself or herself regarding the client's prior convictions.

■ It does not follow from that, however, that counsel must necessarily make an independent investigation of a defendant's criminal history. Just as there is no single, objective standard applicable in evaluating the duties to be performed by counsel in preparing for trial, *Krummacher*, 290 Or at 874, there can be no single objective standard in evaluating a counsel's duty to prepare for sentencing. The facts of each case determine whether counsel has provided informed representation.

Here, petitioner testified in his deposition that his counsel only allowed him to look at the PSI for "about one minute" before sentencing. However, at trial, petitioner testified that he told his counsel about the discrepancy. By affidavit, counsel testified that his recollection and notes indicated that he reviewed the PSI with petitioner and that petitioner "made no mention of the misdemeanor status of that felony conviction." The trial court accepted counsel's version of the facts. It rejected petitioner's claim of inadequate representation because, "[w]hen there may be errors in the PSI, petitioner has an obligation to bring that to the court's attention."

To the extent that the post-conviction court's statement can be read to place the burden solely on a criminal defendant to determine the factual and legal accuracy of the defendant's criminal history as reported in the PSI, we disagree with it. Criminal sentencing laws are complex, and a defendant may not know precisely whether a prior conviction is a felony or misdemeanor, how an out-of-state conviction should be treated under Oregon's sentencing guidelines, and the significance of the difference between a misdemeanor and a felony in determining criminal history under the sentencing guidelines. Determining the accuracy of the criminal history recorded in the PSI must be a joint undertaking by counsel and the defendant. In many circumstances, in the context of reviewing the PSI as part of the preparation for the sentencing hearing, informed and effective representation may

require counsel to do more than simply ask the defendant about the accuracy of the criminal history recorded in the PSI. That, however, is not the case here.

The trial court found that defense counsel had "reviewed the PSI with petitioner, and petitioner failed to indicate he may have received misdemeanor treatment in Kansas." At the post-conviction hearing, petitioner testified that the robbery charge had been reduced to a misdemeanor battery and produced documents that could support that assertion.[1] Given petitioner's knowledge that he had been convicted in Kansas of battery, not robbery, he had an obligation to inform counsel of that fact when he reviewed the PSI with counsel. Petitioner's counsel cannot be faulted for not further investigating the robbery conviction when petitioner failed to alert him that the Kansas conviction reported in the PSI was not the offense for which he had been convicted. Petitioner had the burden of proving that counsel was ineffective. Based on the post-conviction court's findings of fact, petitioner failed to sustain his claim.

Affirmed.

---

[1] The documents listed in the PSI do not have the same case number for the misdemeanor conviction as the case number for the robbery charge. The post-conviction court made no finding regarding the Kansas conviction.