Argued and submitted March 6, reversed with instructions to vacate petitioner's
sentence and remand for resentencing; otherwise affirmed November 18, 2009

# CLYDE DEAN GORDON,
*Petitioner-Appellant,*

*v.*

## Guy HALL,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV061274; A136738

221 P3d 763

Marc Sussman argued the cause and filed the brief for appellant.

Erin C. Lagesen, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

## SERCOMBE, J.

Petitioner appeals a judgment denying his petition for post-conviction relief. He argues that he is entitled to relief because his trial counsel provided constitutionally inadequate assistance under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. Petitioner assigns error to the post-conviction court's denial of relief and its findings that his trial counsel provided adequate and effective legal assistance during the preparation, investigation, trial, and sentencing stages of the underlying criminal proceeding. We review a post-conviction court's judgment for errors of law appearing on the record and for evidence to support its findings. ORS 138.220; *Davis v. Armenakis*, 151 Or App 66, 69, 948 P2d 327 (1997), *rev den*, 327 Or 83, 328 Or 194 (1998).

We write only to address petitioner's contention that his trial counsel was constitutionally inadequate at sentencing and reject his remaining contentions without discussion. We conclude that petitioner was prejudiced because his trial counsel failed to exercise reasonable professional skill and judgment at sentencing. Accordingly, we reverse with instructions to vacate petitioner's sentence and remand for resentencing; otherwise, we affirm.

The following facts are not in dispute. In 2003, a jury convicted petitioner of sexual abuse in the first degree, a felony. ORS 163.427. At sentencing, the state requested the imposition of a life sentence under ORS 137.719. At the time of sentencing, ORS 137.719(1) provided, as it does now, that "[t]he presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence." The state presented evidence of petitioner's criminal history of sex offenses in California in 1967 and 1983. In response to the state's evidence, petitioner's trial counsel noted to the court that petitioner did not believe he had a "second conviction," but that, after looking at the state's documents, those documents indicated otherwise. The trial court subsequently

sentenced petitioner to life imprisonment without the possibility of release or parole pursuant to ORS 137.719(1), finding that "there is sufficient basis in the information provided * * * [by the state] to conclude that [petitioner] has at least two prior felony convictions for sexual offenses."

Petitioner appealed, asserting that (1) imposition of life imprisonment without the possibility of parole was cruel and unusual punishment under Article I, section 16, of the Oregon Constitution as applied in his circumstances and (2) because it was based on findings of fact neither admitted by petitioner nor submitted to a jury, the sentence imposed violated his rights under the Sixth Amendment to the United States Constitution. We affirmed without opinion. *State v. Gordon*, 206 Or App 520, 138 P3d 62 (2006).

Petitioner filed a petition for post-conviction relief in 2006 and an amended petition in 2007. In his amended petition, petitioner claimed that

"the underlying criminal proceedings resulted in a substantial denial of petitioner's rights under ORS 138.530, and he was denied due process of law and the effective and adequate assistance of trial counsel under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under Article I, Section 11 of the Oregon Constitution * * *[.]"

Among his specific allegations, petitioner alleged that his trial counsel was constitutionally inadequate at sentencing. Petitioner argued that his trial counsel failed to investigate his prior criminal record and was unprepared to challenge the imposition of an enhanced life sentence under ORS 137.719 based on that record. Petitioner contended that he was prejudiced as a result of his counsel's deficiencies because ORS 137.719 was inapplicable at sentencing. Petitioner asserted that the 1967 California proceedings did not result in the imposition of a sentence; rather, he argued that sentencing had been suspended in 1967 when he was placed on probation. Petitioner also argued that the 1967 California proceedings were for a "wobbler" offense—an offense punishable either as a felony or as a misdemeanor depending on the

sentence actually imposed by the court—and that his placement on probation resulted in a conviction for a misdemeanor, not a felony.[1]

In response, the state did not address petitioner's argument that he had not been sentenced in 1967; it did, however, address petitioner's remaining arguments. The state asserted that petitioner's 1967 California conviction was properly considered a conviction of a felony by the Oregon sentencing court in 2003 because (1) Oregon courts need only determine if the out-of-state crime is comparable to a sex crime in Oregon that is currently a felony, and (2) petitioner's 1967 conviction remained a conviction for a felony offense under California law.[2]

Evidence was presented at the post-conviction trial on the extent of trial counsel's investigation of petitioner's criminal history and the details of that history. Trial counsel averred that, although petitioner initially denied his 1967 conviction, he later admitted to that conviction. In addition, trial counsel stated that petitioner's 1967 and 1983 convictions were proved at sentencing through certified copies offered by the prosecutor and that he had reviewed those copies.

The California records of petitioner's criminal history indicated the following. In 1967, petitioner pleaded guilty to one count of rape in violation of California Penal Code (CPC) 261(1).[3] Following the guilty plea, the California

---

[1] Petitioner also argued that his trial counsel failed to object to the imposition of an enhanced life sentence on the ground that the sentence was imposed based on facts not pleaded in the indictment or proved beyond a reasonable doubt at trial, as required by *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). The post-conviction court denied relief on that basis, and petitioner renews his contentions on appeal. In light of our holding that petitioner was denied effective and adequate assistance of counsel during his sentencing proceedings, we do not address petitioner's alternative contention.

[2] As discussed, petitioner focused his arguments before the post-conviction court on whether he was sentenced in 1967 and, if so, whether that sentence was for a felony crime. Petitioner did not argue that the disposition imposed in his 1967 case was not a "sentence" because no judgment of conviction was ever actually entered in that case. Accordingly, we express no opinion on that issue.

[3] In 1967, CPC 261(1) provided that "[r]ape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, * * * [w]here the female is under the age of eighteen years[.]"

court suspended proceedings and placed petitioner on four years' probation, with the condition that he pay a $500 fine and a penalty assessment. In 1970, following his completion of probation, the court entered an order terminating probation, setting aside the guilty plea, entering a not guilty plea, and dismissing the information or complaint. In 1983, petitioner was convicted in California following a jury trial on three counts of lewd and lascivious conduct in violation of CPC 288(a).[4] The California court subsequently sentenced petitioner to three five-year terms of imprisonment to be served concurrently, for a total term of five years' imprisonment.

Ultimately, the post-conviction court rejected the petition and denied petitioner relief. In its findings and conclusions, the court stated that "[p]etitioner has failed to prove each and every allegation of the [p]etition[,]" and it specifically ruled that

"trial counsel did not reasonably [*sic*] fail to investigate [p]etitioner's prior sex felony conviction[s] which were used to impose an enhanced life sentence under ORS 137.719. The prosecutor had certified copies of the two convictions and the [p]etitioner admitted to trial counsel that he had been convicted of these two sex crimes. And—under California law[,] even dismissed sex crimes may be utilized at sentencing proceedings for other crimes."[5]

On appeal, petitioner renews his arguments that he is entitled to post-conviction relief pursuant to ORS 138.530(1)(a) because his trial counsel's performance at sentencing was constitutionally inadequate.[6] The state likewise

---

[4] In 1983, CPC 288(a) provided:

" 'Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony * * *.' "

*People v. Gordon*, 165 Cal App 3d 839, 845 n 2, 212 Cal Rptr 174, 178 n 2 (1985) (quoting statute).

[5] Read in context, the court's ruling indicates that it found that trial counsel's investigation of petitioner's prior convictions was reasonable.

[6] Petitioner has not argued that he was entitled to post-conviction relief pursuant to ORS 138.530(1)(c) because his sentence was "in excess of, or otherwise not

renews its arguments advanced below. In addition, the state responds to petitioner's contention that he had not been sentenced in 1967. The state argues that "[i]t is undisputed that petitioner was punished for his offense with a term of probation" and that, "[a]t the time the legislature enacted ORS 137.719 in 2001, * * * the legislature had long viewed probation as a 'sentence.' " According to the state, "there is nothing in the text, context or [legislative] history that suggests that the legislature intended to deviate from its usual intent that the word 'sentence' refer to both incarcerative and probationary sentences."

To prevail on a post-conviction claim of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, petitioner has the burden of showing, by a preponderance of the evidence, "facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment based on the law at the time of sentencing and that counsel's failure had a tendency to affect the result of the criminal trial, that is, that petitioner suffered prejudice as a result." *Chase v. Blacketter*, 221 Or App 92, 96, 188 P3d 427, *rev den*, 345 Or 381 (2008). The Sixth Amendment to the United States Constitution requires a similar showing. To show that counsel was inadequate under the Sixth Amendment, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness" under "prevailing professional norms" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 US 668, 688, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

We recently elaborated on the meaning of the exercise of "reasonable professional skill and judgment" during sentencing proceedings:

"Adequate performance includes identifying and advocating for issues that may benefit the defendant at sentencing. If a lawyer exercising reasonable professional skill and

in accordance with, the sentence authorized by law for the crime of which petitioner was convicted" or because his sentence was unconstitutional. Thus, we do not determine whether ORS 138.530(1)(c) would provide petitioner with alternative grounds for relief.

judgment would have recognized such an issue and would have concluded under the circumstances that the benefits of raising it outweighed the risks of doing so, failing to raise the issue may constitute inadequate assistance."

*Buffa v. Belleque*, 214 Or App 39, 42, 162 P3d 376, *rev den*, 343 Or 690 (2007) (citation omitted). We have also noted that " '[r]easonable professional skill and judgment' can be described only generally; counsel must be prepared on the law to the extent appropriate for the nature and complexity of the case but 'need not, however, expend time and energy uselessly or for negligible potential benefit.' " *Chase*, 221 Or App at 96 (quoting *Burdge v. Palmateer*, 338 Or 490, 493, 112 P3d 320 (2005) (citing *Krummacher v. Gierloff*, 290 Or 867, 874-75, 627 P2d 458 (1981))). More specifically, in circumstances analogous to petitioner's, where we have considered what counsel must do to adequately represent a defendant subject to the sentencing guidelines system, we have stated:

> "Under that system, * * * the grid block is central in determining sentences. The grid block is determined according to the seriousness of the crime of conviction and the defendant's criminal history. Given the importance of a defendant's criminal history in the sentencing guidelines system, we conclude that, just as in preparing for trial, counsel must inform himself or herself regarding the client's prior convictions.
>
> "It does not follow from that, however, that counsel must necessarily make an independent investigation of a defendant's criminal history. Just as there is no single, objective standard applicable in evaluating the duties to be performed by counsel in preparing for trial, there can be no single objective standard in evaluating a counsel's duty to prepare for sentencing. The facts of each case determine whether counsel has provided informed representation."

*DeJac v. Baldwin*, 136 Or App 388, 390-91, 902 P2d 125 (1995) (citations omitted).

█    Thus, under *Buffa* and *Chase*, petitioner's trial counsel had a duty to identify and advocate for issues that may have benefited petitioner at sentencing in light of the nature and complexity of his case. The nature of his sentencing case was the application of ORS 137.719, the plain text of which unambiguously indicated that prior *sentences*, and not prior

*convictions*, were the predicate facts that would lead to the imposition of the presumptive life sentence.[7] In light of that plain meaning, petitioner's trial counsel had a duty to investigate and identify the nature of petitioner's prior sentences and a duty to advocate for the proper application of ORS 137.719 based on that investigation.

First, a lawyer exercising reasonable professional skill and judgment in reading the statute's plain text would have recognized that whether petitioner had two prior *sentences* for felony sex crimes was an issue of paramount importance. A lawyer exercising reasonable professional skill and judgment would have investigated and determined the nature of petitioner's prior dispositions. The reasoning from *DeJac* makes that failure clear. As in analogous sentencing proceedings under the sentencing guidelines system, petitioner's criminal history weighed heavily in the calculus that led the court to impose life imprisonment. Similar to the duty recognized in *DeJac*—that trial counsel must be informed of a defendant's prior convictions under the sentencing guidelines system—petitioner's trial counsel had a duty to be informed of petitioner's prior sentences given their importance under ORS 137.719. *See* 232 Or App at 181.

Here, however, petitioner's trial counsel was not so informed. Although petitioner's trial counsel had discussions with him about his history of convictions and reviewed the certified copies of the California criminal proceedings offered

---

[7] ORS 137.719 provides, in part:

"(1) The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence.

"* * * * *

"(3) For purposes of this section:

"(a) Sentences for two or more convictions that are imposed in the same sentencing proceeding are considered to be one sentence; and

"(b) A prior sentence includes:

"(A) Sentences imposed before, on or after July 31, 2001; and

"(B) Sentences imposed by any other state or federal court for comparable offenses.

"(4) As used in this section, 'sex crime' has the meaning given that term in ORS 181.594."

by the prosecutor at sentencing, the evidence presented to the post-conviction court indicates that trial counsel failed to engage in similar discussions or review of petitioner's history of prior *sentences*. Petitioner's trial counsel failed to look beyond the face of the documents offered by the prosecutor to determine whether they had actually involved the imposition of sentences. Without making that determination, petitioner's trial counsel was unprepared to advance any argument against the sufficiency of the evidence presented by the state in proving that petitioner had two prior sentences to support the imposition of life imprisonment under ORS 137.719.

Second, when the trial court indicated that it was imposing a life sentence based on the evidence of petitioner's prior convictions, a lawyer exercising reasonable professional skill and judgment would have argued that ORS 137.719(1) was inapplicable without proof of the prior sentences. A lawyer exercising reasonable professional skill and judgment would have concluded that, under the circumstances, the benefits outweighed the risks of arguing for a correct reading of the statute because doing so involved a question of law, namely, the statutory construction of ORS 137.719. Failure to raise that argument by petitioner's trial counsel was also a failure to exercise reasonable professional skill and judgment.

The determination that petitioner's trial counsel failed to exercise reasonable professional skill and judgment at petitioner's sentencing, however, does not automatically lead to the conclusion that petitioner received constitutionally inadequate assistance of counsel. As noted above, petitioner must also show that his trial counsel's deficiencies resulted in prejudice at sentencing. To reiterate, under Article I, section 11, prejudice results where "counsel's failure had a tendency to affect the result of the criminal trial." *Chase*, 221 Or App at 96. Similarly, under the Sixth Amendment, prejudice results where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 US at 694.

Whether petitioner suffered prejudice depends on whether an argument raised by his trial counsel that ORS 137.719 was inapplicable at petitioner's sentencing would have been successful. The answer to that question, in turn, depends on the construction of ORS 137.719 and whether the term "sentence" as used in the statute encompasses petitioner's 1967 probation. Our determination of the intended meaning of the term "sentence" in ORS 137.719 is governed by the method described in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). First, we attempt to ascertain the intent of the legislature by examining the text and context of the statute and the legislative history of its enactment when that history appears useful to our analysis. Then, if the legislature's intent remains unclear, we may resort to other aids of construction. *Id.*

As an initial matter, the legislature chose to make imposition of the presumptive life sentence under ORS 137.719(1) dependent on the predicate facts of a defendant's prior sentences. Specifically, the legislature in ORS 137.719(1) chose to use the words "has been *sentenced* for sex crimes that are felonies at least two times prior to the current sentence," rather than the words "has been *convicted* of sex crimes that are felonies at least two times prior to the current sentence." We assume the legislature made that choice purposefully and, in fact, the context of ORS 137.719(1) supports that assumption. In ORS 137.719(3)(a), the legislature distinguished between sentences and convictions when it provided that, for the purposes of the section, "[s]entences for two or more convictions that are imposed in the same sentencing proceeding are considered to be one sentence[.]"

ORS 137.719(3)(b)(B) provides that, for the purposes of the section, a prior sentence includes "[s]entences imposed by any other state or federal court for comparable offenses." Thus, under ORS 137.719, a "sentence[ ] imposed" on petitioner by a California court for a "comparable offense" would contribute to his eligibility for life imprisonment.

Based on the evidence presented to the post-conviction court, there is no question that, in 1983, a California court

imposed on petitioner a total sentence of five years' imprisonment for his three convictions for lewd and lascivious conduct.[8] In 1967, however, a California court suspended proceedings following petitioner's guilty plea on one count of rape and placed petitioner on probation. Notably, the court engaged in the following exchange with petitioner:

"THE COURT: All right. Proceedings will be suspended. [Petitioner] will be placed on probation for a period of 4 years on the following terms and conditions[.]

"* * * * *

"Do you understand, Mr. Gordon, that if you get into any further difficulties or if there is any violation, the State prison sentence will probably be imposed?

"[PETITIONER]: Yes, sir.

"THE COURT: All right. That will be the order."

That exchange indicates that the California court did not "impose" a "state prison sentence" on petitioner. Rather, the California court acted to withhold the imposition of such a sentence until, and if, a time arose in the future where petitioner violated his probation. Because petitioner did not violate his probation, no prison sentence was ever imposed.

The question, then, is whether the Oregon legislature, when using the term "sentence" in enacting ORS 137.719 in 2001, intended to include an order of probation that was to be served during a suspension of the proceedings. The state argues that the legislature "had long viewed probation as a 'sentence' " and that "there is nothing in the text, context or [legislative] history that suggests that the legislature intended to deviate from its usual intent that the word 'sentence' refer to both incarcerative and probationary sentences." Those arguments are not well taken. We understand the state's arguments to refer to the legislature's understanding of the term "sentence" since 1989, when the legislature enacted the Oregon sentencing guidelines. *See, e.g.*, Or Laws 1989, ch 790, § 6. For crimes committed *after* November 1,

---

[8] Under ORS 137.719(3)(a), petitioner's individual sentences on his three convictions for lewd and lascivious conduct are considered to be one sentence for purposes of ORS 137.719(1) because they were imposed in the same sentencing proceeding.

1989, the sentencing guidelines expanded the term "sentence" to include probation. *State v. Rice*, 114 Or App 101, 110 n 3, 836 P2d 731, *rev den*, 314 Or 574 (1992) (De Muniz, J., dissenting). In *State v. Munro*, 109 Or App 188, 193, 818 P2d 971 (1991), *rev den*, 312 Or 588 (1992), we explained that, "[i]n classifying *pre-guideline dispositions*, the guidelines did not change the definition of sentence to include an order of probation." (Emphasis added.) In other words, the guidelines' expanded conception of "sentence" did not retroactively affect the classification of preguidelines dispositions.

■     We conclude that the terms "has been sentenced in ORS 137.719(1) and "[s]entences imposed" in ORS 137.719(3)(b)(B) refer to dispositions that were "sentences" at the time of their imposition. Both terms refer to completed actions and seemingly classify the nature of the action based on its quality at the time of its completion. Nothing in the text, context, or legislative history of ORS 137.719 indicates that the legislature intended that statute to apply so as to classify as a "sentence" a disposition that, when ordered, was not a "sentence."[9]

■     Thus, to determine whether petitioner's placement on probation in 1967 was a "sentence," we must look to the

---

[9] In fact, the legislative history seems to conflate sentences with convictions and, therefore, does not aid our analysis. The text of ORS 137.719 was introduced as an amendment to Senate Bill 370 (2001) while the bill was in the Senate Committee on Judiciary. Minutes, Senate Committee on Judiciary, SB 370, May 10, 2001, Ex N. At its introduction, committee counsel stated that the amendment "establishes [the] presumptive sentence of life imprisonment for a third conviction for a felony sex crime." Tape Recording, Senate Committee on Judiciary, SB 370, May 10, 2001, Tape 132, Side B (statement of committee counsel Craig Prins). Throughout the remaining legislative process, others also indicated that SB 370 established a life sentence for a "third conviction" or "for any offender who is convicted their third time." *See* Tape Recording, Joint Committee on Ways and Means, Public Safety Subcommittee, SB 370, June 20, 2001, Tape 117, Side A (statements of Larry Niswender, Legislative Fiscal Office, and Representative Hansen); Audio Recording, Senate Third Reading, SB 370, June 27, 2001 (statement of Senator John Minnis), http://www.leg.state.or.us/listn/ (accessed Nov 10, 2009); Audio Recording, House Third Reading, SB 370, July 3, 2001 (statement of Representative Randy Leonard), http://www.leg.state.or.us/listn/ (accessed Nov 10, 2009).

That history of ORS 137.719 can be given no weight in our analysis under *Gaines*. The legislature must mean what it says when it says it—the legislature cannot say "black" and mean "white." *See Gaines*, 346 Or at 173, 173 n 10. Therefore, the legislature in enacting ORS 137.719 cannot say "sentence" and mean "conviction."

law as it existed in 1967. First, under Oregon law in 1967, probation was not a sentence. *See State v. McClure*, 295 Or 732, 736, 670 P2d 1009 (1983) ("[P]robation is an alternative to the imposition of a sentence."); *State v. Gates*, 230 Or 84, 91, 368 P2d 605 (1962) ("The [statutory] language used suggests at least, that an order suspending 'imposition' of sentence and granting probation was not intended by the legislature to be the equivalent of an 'imposition of sentence.' "). Second, under California law in 1967, probation was not a sentence. *See People v. Carter*, 48 Cal App 3d 369, 375, 121 Cal Rptr 677, 680 (1975) ("An order granting probation, even though it includes a term in the county jail as a condition of probation, is not a sentence[.]"); *People v. Robinson*, 184 Cal App 2d 69, 80, 7 Cal Rptr 202, 209 (1960) ("A fine, imposed as a condition of probation, is not a sentence or a judgment."); *People v. Wallach*, 8 Cal App 2d 129, 133, 47 P2d 1071, 1072 (1935) ("[T]he order placing a defendant on probation, even though it include as a condition a period of detention in the county jail, is not a judgment and sentence.").

■     Therefore, we conclude that, under the law of both states, petitioner's 1967 probation was not classified as a sentence at the time it was ordered. Thus, the 1967 probation is not a predicate "sentence" within the meaning of ORS 137.719. Because petitioner had only one prior sentence for a felony sex crime at the time of his sentencing, the presumptive sentence of life imprisonment under ORS 137.719 did not apply. Had petitioner's trial counsel raised that argument at sentencing, it would have been successful. Petitioner would have been sentenced to a shorter sentence. *See* ORS 137.700(2)(a)(P) (presumptive sentence for sexual abuse in the first degree). Thus, petitioner has shown that he suffered prejudice as a result of his trial counsel's deficiencies.

For the reasons explained above, we conclude that petitioner's trial counsel provided constitutionally inadequate assistance at petitioner's 2003 sentencing. We hold that petitioner's trial counsel failed to exercise reasonable professional skill and judgment at sentencing when he (1) failed to inform himself of petitioner's history of prior *sentences* and thus failed to prepare any argument against the sufficiency of the evidence presented by the state in proving

that petitioner had two prior *sentences* to support the impo-sition of life imprisonment under ORS 137.719; and (2) failed to argue for a correct reading of ORS 137.719 when the trial court imposed a life sentence based on evidence of petitioner's prior *convictions*. We also hold that petitioner was prejudiced as a result of his counsel's deficient performance, because the presumptive life sentence under ORS 137.719 was inappli-cable at petitioner's 2003 sentencing. Given that our holdings on those issues require us to reverse and remand with instructions to grant petitioner relief on his claim of ineffec-tive and inadequate assistance of counsel at sentencing, we need not reach petitioner's remaining arguments.

Reversed with instructions to vacate petitioner's sentence and remand for resentencing; otherwise affirmed.