NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRAVIS MICHAEL EASTER, | No. 16-35814 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-00999-HZ |
| v. | |
| JERI TAYLOR, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted March 9, 2018**
Portland, Oregon

Before: N.R. SMITH, CHRISTEN, and HURWITZ, Circuit Judges.

Travis Easter, an Oregon state prisoner, appeals the district court's dismissal

of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28

U.S.C. §§ 1291 and 2253, and affirm.

1. The district court correctly held that the petition was untimely under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

one-year period of limitation in 28 U.S.C. § 2244(d).  Easter's Oregon conviction became final in October 2006, and the § 2254 petition was not filed until June 2014. Easter argues that the statute was not triggered until he learned in 2013 that one of his prior convictions might not qualify as a predicate under Or. Rev. Stat. § 137.719 pursuant to *Gordon v. Hall*, 221 P.3d 763 (Or. Ct. App. 2009).  But, 28 U.S.C. § 2244(d)(1)(D) tolls the one-year statute until a petitioner exercising due diligence could have discovered the "factual predicate" of a claim, and "a state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim." *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005).  Moreover, Easter does not explain why he was unable, in the exercise of due diligence, to learn of the Oregon decision until 2013.

2. Easter also argues that he is entitled to equitable tolling because his trial counsel failed to argue that the 1989 conviction was not a predicate under § 137.719, and allowed him to accept a plea agreement that waived the right to attack the conviction and sentence.  But, counsel's alleged failings did not "make it *impossible* to file a petition on time*," Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted), nor does it amount to attorney abandonment or egregious professional misconduct, *see Maples v. Thomas*, 565 U.S. 266, 270–71 (2012); *Luna*

2

*v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015).[1]

3. The district court did not err in finding that Easter's claim of "actual innocence" cannot excuse the untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013). Easter does not assert that he is innocent of the underlying criminal conduct to which he pleaded guilty, just that his sentence is improper under state law.

4. The district court did not err in holding that Easter had not established that an ineffective state post-conviction relief process excused the delay in filing the federal habeas petition. The period of limitation had already run before Easter filed for relief in state court, and he waited two years after state proceedings concluded before filing the federal petition. *See* 28 U.S.C. § 2244(d).

**AFFIRMED.**

---

[1] Easter also argues that the state prosecutor "impeded" his ability to bring the habeas petition by asserting that the 1989 conviction was a predicate under Or. Rev. Stat. § 137.719, "erroneously or vindictively" bringing charges against him, and demanding an appeal waiver as a condition of the plea. But, none of these alleged actions made it impossible for Easter to file the habeas petition timely. *See Bills*, 628 F.3d at 1097.

3