Argued and submitted July 23; reversed and remanded for resentencing,
otherwise affirmed September 9, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN CLARK CRAIG,
*Defendant-Appellant.*

Deschutes County Circuit Court
18CR52055; A172507

497 P3d 821

In this criminal appeal, defendant challenges his sentence of life imprisonment without the possibility of parole. Defendant pleaded guilty to first-degree rape in 2019. Concluding that defendant had been sentenced for two prior felony sex crimes, the trial court imposed the presumptive life sentence provided in ORS 137.719. Defendant argues that one of his two prior convictions, a 1981 conviction, resulted in probation, not a sentence, and therefore under Oregon law, did not constitute a predicate sentence for the purposes of ORS 137.719. *Held*: Applicable Oregon statutes in 1981 distinguished between imposition of a sentence and imposition of probation following suspension of imposition or execution of sentence. When the trial court placed defendant on probation in 1981 for a felony sex crime after suspending execution of sentence, it did not impose a predicate sentence for the purposes of ORS 137.719.

Reversed and remanded for resentencing; otherwise affirmed.

Bethany P. Flint, Judge.

Ingrid MacFarlane, Chief Deputy Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief was Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Reversed and remanded for resentencing; otherwise affirmed.

**KISTLER, S. J.**

The trial court sentenced defendant to life imprisonment without the possibility of parole for first-degree rape because he previously "ha[d] been sentenced" for two felony sex crimes. *See* ORS 137.719(1) (authorizing an enhanced sentence in that circumstance). On appeal, defendant argues that, in imposing that sentence, the trial court relied on a prior conviction that does not count towards an enhanced sentence under ORS 137.719. We reverse the trial court's judgment and remand for further proceedings.

The relevant facts are procedural. In 2019, defendant pleaded guilty to first-degree rape for having sexual intercourse with a person who lacked the capacity to consent. At sentencing, the state argued that, because defendant previously "ha[d] been sentenced" for two felony sex crimes, ORS 137.719(1) provided that the presumptive sentence for his 2019 conviction was life imprisonment without the possibility of parole.[1] Defendant, for his part, did not dispute that he previously had been convicted of two felony sex crimes, one in 1981 and another in 1995. He argued, however, that the trial court had placed him on probation for the 1981 conviction, that probation was not regarded as a sentence in 1981, and that, under our decision in *Gordon v. Hall*, 232 Or App 174, 221 P3d 763 (2009), only convictions that result in "sentences" count towards an enhanced

---

[1] ORS 137.719 provides, in part:

"(1) The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence.

"(2) The court may impose a sentence other than the presumptive sentence provided by subsection (1) of this section if the court imposes a departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons.

"* * * * *

"(3) For purposes of this section:

"* * * * *

"(b) A prior sentence includes:

"* * * * *

"(B) Sentences imposed by any other state or federal court for comparable offenses."

sentence under ORS 137.719.[2] It followed, he contended, that he was not eligible for a presumptive sentence of life without the possibility of parole.

The state did not dispute that, under *Gordon*, only convictions for felony sex crimes that result in the imposition of a "sentence" will count in determining whether a defendant is eligible for life without the possibility of parole under ORS 137.719(1). *See Gordon*, 232 Or App at 183-84 (equating the statutory phrase in ORS 137.719(1) "has been sentenced" with the phrase in ORS 137.719(3)(b)(B) "sentenc[e] imposed"). The state also did not dispute that, in 1981, probation was not regarded as a sentence. It argued, however, that defendant's 1981 conviction differed in one critical respect from the 1967 conviction at issue in *Gordon*. In *Gordon*, the trial court had suspended *imposition* of sentence in 1967 and placed the petitioner on probation. *Id.* at 185. In this case, the trial court sentenced defendant in 1981 to the Oregon Department of Corrections for 10 years, suspended *execution* of that sentence, and placed him on probation.[3] Because the trial court had suspended execution rather than imposition of sentence, the state argued that defendant "ha[d] been sentenced" in 1981 for a felony sex crime.

The trial court agreed with the state and ruled that the presumptive sentence for defendant's 2019 conviction was life imprisonment without the possibility of parole. The court also found that defendant had offered no evidence to

---

[2] We held in *Gordon* that the question whether a disposition constitutes a sentence turns on the law at the time that the sentence is imposed rather than the law in effect when the legislature enacted ORS 137.719 in 2001. 232 Or App at 185-86. The parties accordingly do not dispute that the question whether the trial court "sentenced" defendant in 1981 turns on whether suspending execution of sentence and placing defendant on probation was regarded as a sentence in 1981.

[3] Defendant's 1981 judgment of conviction for attempted first-degree rape provides:

"It is therefore CONSIDERED, ORDERED AND ADJUDGED by the Court that * * * the defendant be committed to the legal and physical custody of the Corrections Division of the State of Oregon for a period not to exceed ten (10) years; further, that execution of sentence be suspended and defendant be placed on probation under the supervision and control of the Washington County Community Corrections Program/State of Oregon Corrections Division for a period of five years, under the following conditions."

justify a downward departure from that presumptive sentence. *See* ORS 137.719(2) (specifying when a trial court may depart from the presumptive sentence set out in ORS 137.719(1)). The court accordingly sentenced defendant to life imprisonment without the possibility of parole.

On appeal, both parties agree that, if the trial court had placed defendant on probation in 1981 after suspending imposition of sentence, the court would not have sentenced him within the meaning of ORS 137.719. They continue to disagree, however, whether placing defendant on probation after suspending execution of sentence leads to a different result. The state argues that, because the trial court announced defendant's sentence before suspending execution of that sentence and placing defendant on probation, it "sentenced" him in 1981. Defendant responds that, regardless of whether the trial court suspended imposition or execution of sentence, the court did not impose a sentence on him; rather, it placed him on probation in 1981, which was not regarded as a sentence at that time.

In analyzing the parties' arguments, we begin with the applicable statutes in 1981.[4] Specifically, ORS 137.010(2) and (3) (1981) provided that, "[w]hen a person is convicted of an offense, * * * the court may suspend the imposition or execution of sentence" and place the person on probation. ORS 137.010(5) (1981) provided that, when a "court does not suspend the imposition or execution of sentence," it "shall impose the following sentence."[5] As we read ORS 137.010(5) (1981), that subsection distinguished "suspend[ing] the imposition or execution of sentence" from imposing a sentence. That is, ORS 137.010(5) (1981) teaches that, if a trial court suspended

---

[4] Since defendant's sentencing in 1981, ORS 137.010 has been amended numerous times. We refer to the version of ORS 137.010 that applied to his 1981 sentence as ORS 137.010 (1981).

[5] ORS 137.010(5) (1981) provided:

"When a person is convicted of an offense and the court does not suspend the imposition or execution of sentence or when a suspended sentence or probation is revoked, the court shall impose the following sentence:

"(a) A term of imprisonment; or

"(b) A fine; or

"(c) Both imprisonment and a fine; or

"(d) Discharge of the defendant."

execution of sentence in 1981 and placed a defendant on probation, it has not imposed a sentence on the defendant.

The Supreme Court's contemporaneous decisions point in the same direction. *See State v. McClure*, 295 Or 732, 670 P2d 1009 (1983); *State ex rel Dillavou v. Foster*, 273 Or 319, 541 P2d 811 (1975). In *Dillavou*, the trial court suspended imposition of sentence and placed the petitioner on probation, one condition of which was that he serve 180 days in the county jail. 273 Or at 320. The petitioner appealed. After serving 183 days in the county jail while his appeal was pending, the petitioner filed for mandamus claiming that the time that he had spent in jail pending appeal should be credited towards the 180-day period of incarceration imposed as condition of probation. *Id.* at 320-21.

In considering that claim, the court explained initially that a statute that gave a defendant who had been sentenced the option of seeking to stay incarceration or beginning service of the sentence pending appeal did not apply to the petitioner. *Id.* at 321-22. That statute applied only to persons who had been sentenced; however, the petitioner had not been sentenced. *Id.* The court also reasoned that, although a defendant who has been sentenced could seek to stay incarceration or elect to begin service of his or her sentence pending appeal, "there is nothing in the statutory scheme granting [trial courts] authority to stay probation because the conviction has been appealed." *Id.* at 323. The court concluded that "the lack of a statute staying probation pending appeal means that the mere filing of an appeal had no effect on probation status when imposition of sentence has been suspended." *Id.* at 323-24. The court thus declined to treat a condition of probation the same way it would a sentence imposed on a defendant.

At first blush, *Dillavou* appears distinguishable for the same reason that the state argues *Gordon* is distinguishable. The petitioner in *Dillavou* had been placed on probation after imposition of sentence had been suspended. He had not been placed on probation after execution of sentence had been suspended. The reasoning, however, in *Dillavou* applies to persons placed on probation regardless of whether imposition or execution of sentence has been suspended. For example,

the court explained that "the statutory scheme clearly distinguishes between sentencing and ordering probation after imposition of sentence." *Id.* at 322.[6] Moreover, just as there was no means for staying probation in 1975 after imposition of sentence had been suspended, there was no means of staying probation after execution of sentence had been suspended. Rather, the statutes treated probation imposed after suspension of sentence the same as probation imposed after suspension of execution of sentence. If the former is not a sentence, as the court held in *Dillavou*, neither is the latter. Stated differently, the court distinguished between imposing sentence on a defendant and placing a defendant on probation after suspending imposition or execution of sentence. *Cf. McClure*, 295 Or at 736 (citing *Dillavou* and ORS 137.010 (1975) for the proposition that "[p]robation is an alternative to the imposition of a sentence").

To be sure, when a court announces the sentence that a defendant will serve but suspends execution of that sentence and places the defendant on probation, it has "sentenced" the defendant in one sense. *See State v. Ludwig*, 218 Or 483, 487, 344 P2d 764 (1959). However, in 1981, it had not executed or imposed a sentence. *See Gordon*, 232 Or App at 184-85 (equating the phrases "has been sentenced" and "imposed sentenc[e]" in ORS 137.719). Rather, it had suspended execution of the sentence and placed the defendant on probation. We conclude that, in 1981, a judgment placing a defendant on probation after suspending execution of sentence did not impose a sentence on the defendant any more than a judgment placing the defendant on probation after suspending imposition of sentence. It follows that defendant's conviction for a felony sex crime in 1981 did not result in a disposition that counts towards an enhanced sentence under ORS 137.719(1). We accordingly reverse defendant's sentence and remand this case for further proceedings.

Reversed and remanded for resentencing; otherwise affirmed.

---

[6] In a footnote to that statement, the court cited ORS 137.010 (1975). The court did not explain the basis for its citation. However, as discussed above, ORS 137.010 (1981) distinguishes between imposing a sentence on a defendant and placing a defendant on probation after suspending imposition or execution of sentence, and there was no material change in ORS 137.010 between 1975 and 1981.